687 So.2d 977 (1997)
J.L. and M.O., Petitioners,
v.
G.M., T.M., P.L., and A.O., Respondents.
Nos. 96-2740, 96-2875.
District Court of Appeal of Florida, Fourth District.
February 19, 1997.
Frank A. Kreidler, Lake Worth, for Petitioner/Father J.L.
Judith B. Migdal-Mack of Migdal & Migdal, P.A., Delray Beach, for Petitioner/Mother M.O.
Barry D. Goldman, Boca Raton, for Respondent P.L.
PER CURIAM.
We grant certiorari review of two orders that allowed nonparties to intervene in a dependency proceeding. After the petition for dependency was filed by the Department of Health and Rehabilitative Services,[1] the trial court granted motions to intervene filed by the child's maternal grandmother and maternal aunt and uncle.
We have certiorari jurisdiction to review such orders because they pose a risk of irreparable harm to both the parents and the children. This could arise not only from interference with petitioners' parental rights, but also with the actions deemed necessary by the Department to prevent risk to the child while the dependency case is pending. See Florida Dep't of Health and Rehabilitative Servs. v. Doe, 659 So.2d 697 (Fla. 1st DCA 1995), rev. denied sub nom. Doe v. Browns, 668 So.2d 602 (Fla.1996).
Rule 8.210(a), Florida Rules of Juvenile Procedure (1996), limits the parties to a juvenile proceeding. That rule provides:
(a) Definitions. For the purpose of these rules the terms `party' and `parties' shall include the petitioner, the child, the parent(s) of the child, the department, and the guardian ad litem, when appointed.
The trial court departed from the essential requirements of the law by allowing persons who do not fall within the definition of "parties" *978 to intervene. The granting of party status to these relatives was also contrary to Florida's strong public policy against unwarranted interference with the parenting decisions of an intact family unit. Beagle v. Beagle, 678 So.2d 1271 (Fla.1996).
The orders granting intervention are quashed. On remand, the trial court may consider whether the relatives should be granted nonparty participant status under rule 8.210(b), Florida Rules of Juvenile Procedure.
STONE, POLEN and PARIENTE, JJ., concur.
NOTES
[1] Now the Department of Children and Family Services. Fla. L. ch. 96-403.